IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

VS.                          CRIMINAL NO. 5:25-50012-001 TLB

MIGUEL GARCIA                                                      DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on June 20, 2025, and pursuant to a written plea agreement, Defendant Miguel Garcia entered pleas of guilt to Count Two of the Indictment, charging that Defendant possessed more than five (5) grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and to Count Four of the Indictment, charging that Defendant used, carried or possessed a firearm in relation to or in further of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(I). The plea agreement provides that if the Court accepts the plea agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts contained in the Indictment.  After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned makes the following factual findings:

      1.      The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the change of plea hearing, to the entry of his guilty pleas before the undersigned with Defendant's pleas of guilt subject to final

approval by United States District Judge Timothy L. Brooks. *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001).

2.      The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed. (ECF No. 20).

3.      The Defendant is fully competent and capable of entering informed pleas; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of pleading guilty.

4.      Defendant is fully satisfied with his counsel and has had sufficient time to consult with counsel.

5.      Defendant's pleas of guilt are knowing and voluntary and the pleas are supported by an independent basis in fact containing each of the essential elements of the offenses in Counts Two and Four.

6.      The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

7.      The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. *See* F.R. Crim. P. 59(b)(2). To expedite the district court's acceptance of Defendant's guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

8.      Based on the foregoing, the undersigned recommends that Defendant's guilty pleas be accepted. The written plea agreement will be subject to approval by the District Judge at

sentencing.

      **RECOMMENDED** this 23rd day of June 2025.

 

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE